# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ] | |
| | ] | |
| **v.** | ] | **4:19-cr-00086-KOB-SCG-1** |
| | ] | |
| **REX DUARD TIDMORE,** | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on the magistrate judge's report and recommendation (doc. 20) that the court deny Defendant Rex Tidmore's motion to suppress all evidence obtained from the search of his home in Geraldine, Alabama on or about December 28, 2017 and all evidence obtained from the search of a residence in Fyffe, Alabama on or about December 29, 2017. (doc. 15). The Government filed objections. (Doc. 23).

For the following reasons, the court finds that it should OVERULE the Government's objections, ACCEPT the magistrate judge's report, and ADOPT her recommendation to GRANT the motion to suppress.

In considering the Government's objections, the court finds they are not well based. For example, the Government argues that the determination of probable cause for a search warrant "should be based upon a practical and common sense determination" (doc. 23 at 5); yet it urges the court to adopt a strained reading of the very ambiguous affidavit the magistrate judge correctly found to be sorely

1

lacking in specifics. No where does the Government provide any authority for the court to construe ambiguity in favor of law enforcement who drafted it contrary to the general principle that the court construes an ambiguous document against the drafter. *See Allen v. Thomas*, 171 F.3d 667, 671 (11th Cir. 1998) (applying the general principles of contract law in the criminal context and construing an ambiguous plea agreement against the government). Doing so in this case would have the court find sufficient information for probable cause based on vague hearsay statements from a confidential informant, who the affiant did not know, who within 72 hours prior to the presentment of the affidavit reported to unnamed law enforcement officers that at some unknown time in the past the informant saw Tidmore with some unknown amount of methamphetamine in his house in Geraldine that smelled of marijuana. The statement in the affidavit that the informant has "never been proven false" could indicate that the informant (1) had never provided information before, or (2) had no track record of testifying, or (3) had never been cross examined, or (4) had provided truthful, reliable but unchallenged information dozens of times; the affidavit provides nothing from which the court can surmise the informant's reliability.

The court fully agrees with the magistrate judge that "the overall lack of details provided by the informant [ ] leaves unsettled the veracity, reliability, and bases of the information provided." (Doc. 20 at 8).

And the second hearsay statement in the affidavit—that the DeKalb Drug Task Force had received several apparently anonymous complaints about a large growing operation on Tidmore's Geraldine property—does nothing to show probable cause, separately or in combination with the informant's information. Anonymous complaints with no corroboration through an independent police investigation give no "other indicia of reliability" to support a finding of probable cause. *See Illinois v. Gates*, 462 U.S. 213, 241-45 (1983) (corroboration of details of an informant's tip by independent police work crucial in finding the tip reliable to support probable cause for issuance of a search warrant).

As the magistrate judge efficiently and effectively explained, because the affidavit for the Geraldine search warrant lacked sufficient details to support probable cause, the second search warrant based on the "tip" found as a result of the Geraldine search was invalid; the evidence found illegally under the invalid search warrant cannot be used to support the second warrant. (Doc. 20 at 15-18).

Further, the court fully agrees with the magistrate judge that, because of the total dearth of reliable information without any details in the Geraldine affidavit, the good faith exception does not apply to save the evidence found in the search. The court agrees that any "reasonably well-trained officer would have known" (1) "that a single uncorroborated tip from a confidential informant stating he or she observed drugs inside the residence on the Geraldine property at an unspecified

time, absent additional detail to lend it credence and with little more than a conclusory allegation of the informant's reliability fell short of establishing probable cause" and (2) "that what amounted to 'several' anonymous, uncorroborated complaints of uncertain truth, reliability, or basis about marijuana being grown on the Geraldine property fell short of establishing probable cause." (Doc. 20 at 12 & 14).

For these, and all the reasons in the Report and Recommendation, the court finds that the evidence found as a result of both of these warrants must be suppressed. The court will enter a separate Order doing so.

**DONE** and **ORDERED** this 11th day of October, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE